182103 Puerto Rico, LLC v. Empresas Martinez Valentin Corp. Mr. Soria, good afternoon. May I please reserve three minutes for rebuttal? How many? Three. You may. Thank you. I would like to start by indicating to this Court I'm going to address three brief issues. First, that the plaintiff did not establish liability and equity under Section 105 for violation of the State in terms of the willfulness component of the standard. Second, that even if the plaintiff had been able to prove liability, it failed to establish the damages that are linked to the act that PCPR committed allegedly in violation of the State. And lastly, that the plaintiff, given the causes of action in the complaint, was not the prevailing party in this case. So aren't you going to argue that you have jurisdiction to argue those three issues? We do have jurisdiction, Your Honor. I will address that issue first. It seems there's a serious question as to whether you do. In this particular case, the after trial, the court, bankruptcy court, issued an opinion in order in April 2017, I believe. And in that opinion and order, the court expressly said that it was going to reserve final judgment until the issues pending before it, including attorneys' fees and costs of the litigation, were decided under Section 105A. Attorneys' fees and costs are part of the compensatory damages that a party is entitled to if there is a violation of the State. That being the case, the judge issued an opinion in order, resolved several opinion orders, resolving the outstanding issues, including attorneys' fees and costs, in November 27th. Well, you're saying outstanding issues including attorneys' fees and costs. Correct. What else? There were other issues. For example, plaintiff filed a motion for reconsideration, which was denied. But that had been denied previously. Correct. So as I understand it, the only thing that happened in what was November was the attorneys' fees issue was finally resolved. The costs and attorneys' fees, the court rendered two separate opinions, one for costs and one for attorneys' fees. And we have general rule, maybe with exceptions, from the Supreme Court saying that the final judgment occurs when everything but the later decision, the attorneys' fees, doesn't treat the prior judgment as not final. So you've got to get over that. That's correct. But in this particular case, the compensatory damages under the bankruptcy statute must include the attorneys' fees as well. Tell me for what attorneys' fees the compensation was being sought. What did your client spend attorneys' fees on? It was the plaintiff's attorneys' fees that were being. Yes, I'm sorry. And what were they sought for? Were they sought for the fees incurred in litigating this? In the litigation of the adversary proceeding. This adversary proceeding. Correct. And that type of attorneys' fees, I don't, it seems is almost universally treated as not holding up the final judgment. The thing is that these attorneys' fees also included the litigation of the attorneys' fees as well. Because we opposed. Which they, under Section 1988, for example, in a civil rights action, you get attorneys' fees for litigating the Section 1983 claim. But that wouldn't mean there's no final judgment just because the fees hadn't been decided. How do you distinguish that? The thing is that the final judgment was not issued until all the decisions were made. And we're appealing from the final judgment, not from the order. I think you're relying on the fact that the judge said it wasn't final. But our rules say that if a judgment is entered that isn't that final, it's final. Or at most you can get 150 days before it's deemed final. And 150 days won't be enough for you here. No. The statute's clear in that regard, Your Honor. And that issue was raised at the district level. And that motion was denied by the district court as well. I mean, but how do you distinguish it from the Supreme Court? I apologize. I'm sorry? I said how do you distinguish it from the Supreme Court precedent which has said that attorneys' fees aren't included? That the first verdict is that from attorneys' fees is the final verdict. And the Ray Hewlett gravel company case, how do you get around that? Well, Your Honor, the only thing I can tell the court is that Rule 105A is very specific. And it's the only way that a party can get a compensation which includes the determination of the attorney's fees. It's not a simple compensation for A and B because the final compensation, the final number, was rendered after the ones of the attorney's fees were decided by the court in November. Am I correct that you did not address this issue until you replied brief? That is correct, Your Honor. Does that mean? It was addressed at the district court level in a motion for dismissal. But it was not addressed until the reply brief. That's correct. Does that imply any kind of waiver? I would suggest, well, given the standard of this particular court, well, I don't think it was waived because he didn't, plaintiffs did not raise it in their, in their, they did not appeal that ruling from below. Did you know it was an issue when you filed your blue brief? I'm sorry? Did you know it was an issue when you filed your blue brief? Jurisdiction? We suspected it was an issue once they raised it at the district court level. There you're creating a little problem for yourself. If you knew jurisdiction was an issue and you didn't brief it. But go back to the issue. We've got, we follow what the Supreme Court says. We've got two Supreme Court cases, Roy Hallett and Burdick. And they say there's a uniform rule regarding attorney's fees for the litigation. And in response to your prior argument, they said it doesn't make any difference whether it's, quote, whether the statute, quote, treats fees as part of the merits. So your argument that 105 treats the fees as part of the collection, we're told by the Supreme Court that doesn't get you anywhere. So how else do you distinguish those two cases so that the general rule wouldn't apply here? That's different. Other than 105, Judge, those are the precedents that apply in this case. And that's what the court's position is. I guess I don't have anything else to say in this argument. Well, you do have jurisdiction to challenge the amount of the fees. Are you challenging the amount of the fees? Yes, we are, Judge. And what's the basis of that challenge? The basis is basically that the party was not a prevailing party in this particular case. There are four causes of action raised in the complaint. One is breach of contract, for which there was no evidence at the trial. The second one raises four different aspects of compensation, one which is the present value of future lost earnings, the lost earnings for a metal shop business that the plaintiff had in the premises, which was returned and that portion of the case was dismissed. The only two surviving elements of that cause of action were the inventory, as well as the equipment. As to the third cause of action, it was determined that it did not proceed, and the fourth cause of action as well. So the only element that the plaintiffs survived after trial were two elements of one cause of action. So we — So the court made some adjustments to the request. Yes, an adjustment. That's correct, Your Honor. And then the legal test is if the party succeeded on any significant issue in litigation, which achieved some of the benefits the party sought in bringing the suit. So between the standard and the substantial adjustments that the court made to the request, why did the court abuse its discretion? Well, we believe that given the fact that the case was valid at nearly $6 million and they were awarded only 6 percent of that, I think that the adjustment in the attorney's fee should be commensurate with that percentage. I think 25 percent is a small adjustment to be made when they only prevailed on two subsets of one cause of action. Do you have any case law that says that it's an abuse of discretion for the fact finder not to reduce the fees because the amount of recovery of a prevailing party is much less than they had sought? Well, that goes to the proof of trial. And the proof of trial. My question is you want us to say that the district court abused its discretion because it did not reduce the fees in a way that was commensurate with the reduction you described between the amounts. No, no. No, no, no, no. I would like the court to state that the amount of the fee should be further reduced. Or how much? Commensurate to. By how much? If it's not 6 percent, you're throwing out 6 percent. If not 6 percent, what doesn't constitute an abuse of discretion? I would say at least 50 percent, Judge. And what is that based upon? Based upon the fact that the only two issues that survived were subsidiary issues, whichever. Why 50? Why not 60? Why not 40? Why not a 25 percent reduction as the district court? Your Honor, I asked how much I thought it should be reduced, and that's what I'm suggesting to the court. The court below lowered by 25 percent, and we're asking that it be reduced further. You have the discretion to do that. We actually don't. And I'm stuck. Yeah, if there's an abuse of discretion or a legal error, then we will attend to it. But we don't have the discretion just to say, you know, heck, I think 40 percent might have been a better way to do it. We need some concrete objective rule. Well, the only thing I can tell this court is that we reviewed the fee applications, and we made certain objections to the fee application, and that's what we were based on our request. And I see that my time is up. Thank you. Mr. Gomez? May it please the Court? Good morning. For the record, this is Attorney Alexander Gomez. No, it's afternoon already. I'm sorry? It's not good morning. It's already afternoon. It's afternoon. Correct. I'm sorry. I represent Apley this morning in this case. I begin my argument by stating that I believe that this court doesn't have Apley jurisdiction in this case. The notice of appeal in this case was filed timely. It was filed December 8, 2017. It is our position that they were supposed to file that back in June 14. And I explain myself. Well, we've got jurisdiction over the attorney's fees issue, don't you think? Yes, Your Honor. So what do you have to say about the attorney's fees issue? I'm sorry? What do you have to say about the attorney's fees issue? Well, about the attorney's fees, I understand and the record shows that the trial court did meticulous work examining what we submitted as the attorney's fees and the costs. And it took its time and it was briefed by both parties in relation to that. And the court explained every single entry and actually reduced 25 percent of my fees. And it also examined and reviewed specific entrances of the attorney's fees request. And at the end of the day, the court entered a judgment and an opinion on order in relation to that, which perfectly explained the reasoning behind the reduction. And we did not appeal in relation to that because we understood it was well explained. So I believe that the attorney's fees were examined by the court and they were also examined by the second tier, which was the district court. I understand that Judge Delgado reviewed what the trial court did in relation to attorney's fees and it understood that there was no abuse of discretion in doing that. I will then move. I understand then that the court doesn't want to hear anything else in relation to the jurisdiction, but I really believe that there's no jurisdiction. And I understand that the opinion on order that was entered back on April 4th, 2017, was final because the court... Did you want to rest on your breath? Yes. Yes, Your Honor. I wanted to do that. I want to move on in relation to the damages and the determination of the trial court that there was a violation of the state. After a 60-day trial, five witnesses and hundreds of pages of evidence that was admitted, the trial court determined that there was a violation because... If we have no jurisdiction, why? Who was the district court that issued the order in violation of the bankruptcy court stay? I'm sorry, Your Honor. What was the question? The district court judge issued an order that was in violation of the bankruptcy court. Who was it? The Commonwealth attorney who issued the order. I don't follow. I understand there was a... The violation of the stay was determined by the bankruptcy court. And notwithstanding that stay order, some judicial officer issued an order that seemed to be in violation of it. I don't have a recollection that any state court order was entered in relation to that. I might be mistaken, but I don't have a recollection to that. All what happened was we... The case was filed under 105, which is basically based also on Spooky Word, which is a case from this court. And after that, we have the trial. There was a determination from the bankruptcy court in relation to the violation of the stay. And then the case proceeded to the district court. And the district court confirmed all the findings of the trial court. But I have no recollection that there was a state court order indicating there was a violation of the stay. There was a district court order that the eviction order... Martin has to remove his property from his premises within four days. That's what Judge Stewart is asking you about. That happened before the bankruptcy case was filed. That ensued because there was a litigation between Appalachians and the president of the corporation, Mr. Martinez. It was a retailer, a gasoline retailer, and they filed a lawsuit to evict him from the gas station. That's how everything started. And at the time, the case began with Judge Pierras, rest in peace, and then it would continue with Judge Antonio Fuste, a former Judge Fuste. I think isn't the answer to Judge Tarullo's question that no district court aware of any bankruptcy stay did anything that violated the stay? No, because there was a hearing that Appalachians requested because they understood that the president of the corporation, on his personal capacity, not as Appalachian in this case, violated the court order. The bankruptcy attorneys appeared in that proceeding, I believe that was back on August 9th or 4th, I don't recall correctly, and they were not allowed to speak. And on that day, I think the district court entered an arrest order, and Mr. Martinez was arrested and he was sent to Huaynabo Detention Center. And I understand that same day, the circuit court, through an order, disincarcerated him. And then the other hearings ensued, and that's when he was given only three days to move all the inventory and all the equipment. So in those September 20 and September 23 proceedings in the district court, the district court was aware of the bankruptcy court filing? I believe so, Your Honor. That's what I want to know. What's the name of the judge? In the district court? Yes. Mr. Fuste, Antonio Fuste. He's the one that issued the order? He issued the order, yes. Okay, thank you. Okay, if there's any other questions, I am more than happy to answer. That's for me. Thank you. Okay.